# United States District Court

## FOR THE
## NORTHERN DISTRICT OF CALIFORNIA

### VENUE: SAN FRANCISCO

---

UNITED STATES OF AMERICA,

V.

**AHMAD WAGAAFE HARED**
**and**
**MATTHEW GENE DITMAN,**

**FILED**

JAN 22 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**CR 19   040**

DEFENDANT(S).

**WHO**

---

## INDICTMENT

18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse
18 U.S.C. § 1030(a)(7) – Threatening to Damage a Protected Computer
18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort
18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud
18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft
18 U.S.C. § 2 – Aiding and Abetting
18 U.S.C. §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461 – Criminal Forfeiture

---

A true bill.

_____
Foreman

Filed in open court this ___22___ day of

___JAN, 2019___.

Stephen Ybarra
Clerk

Bail, $ _____

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT ☐ INFORMATION ☒ INDICTMENT
☐ SUPERSEDING

| Name of District Court, and/or Judge/Magistrate Location |
| --- |
| NORTHERN DISTRICT OF CALIFORNIA |
| SAN FRANCISCO DIVISION |

### OFFENSE CHARGED

18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse; 18 U.S.C. § 1030(a)(7) – Threatening to Damage a Protected Computer; 18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort; 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud; 18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

PENALTY: See attached.

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

**DEFENDANT - U.S**

▶ AHMAD WAGAAFE HARED

DISTRICT COURT NUMBER

CR 19 040

FILED

JAN 22 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

WHO

**DEFENDANT**

### PROCEEDING

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person
Furnishing Information on this form          David L. Anderson

☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S.
Attorney (if assigned)          Robert S. Leach

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☐ If not detained give date any prior
summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**

4) ☐ On this charge

5) ☐ On another conviction
☐ Federal ☐ State

6) ☐ Awaiting trial on other charges
If answer to (6) is "Yes", show name of institution

Has detainer ☐ Yes     If "Yes"
been filed?     ☐ No     give date
filed

DATE OF
ARREST ▶     Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED ▶     Month/Day/Year
TO U.S. CUSTODY

☐ This report amends AO 257 previously submitted

### ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS ☒ NO PROCESS* ☒ WARRANT

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

Bail Amount:

*Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:     Before Judge:

Comments:

## PENALTY SHEET ATTACHMENT

Count One:

      18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse

      Maximum Penalties:  5 years of imprisonment
                             $250,000 fine or not more than twice the gross gain or twice the
                                 gross loss (18 U.S.C. § 3571)
                             3 years of supervised release (18 U.S.C. §§ 3583(b)(2) &
                                 3559(a)(3))
                             $100 special assessment (18 U.S.C. § 3013)

Count Two:

      18 U.S.C. § 1030(a)(7) – Threatening to Damage a Protected Computer

      Maximum Penalties:  5 years of imprisonment
                             $250,000 fine or not more than twice the gross gain or twice the
                                 gross loss (18 U.S.C. § 3571)
                             3 years of supervised release (18 U.S.C. §§ 3583(b)(2) &
                                 3559(a)(3))
                             $100 special assessment (18 U.S.C. § 3013)

Count Three:

      18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort

      Maximum Penalties:  2 years of imprisonment
                             $250,000 fine or not more than twice the gross gain or twice the
                                 gross loss (18 U.S.C. § 3571)
                             1 year of supervised release (18 U.S.C. §§ 3583(b)(3) &
                                 3559(a)(5))
                             $100 special assessment (18 U.S.C. § 3013)

Count Four:

      18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud

      Maximum Penalties:  5 years of imprisonment

$250,000 fine or not more than twice the gross gain or twice the gross loss (18 U.S.C. § 3571)

3 years of supervised release (18 U.S.C. §§ 3583(b)(2) & 3559(a)(3))

$100 special assessment (18 U.S.C. § 3013)

Count Five:

18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

Maximum Penalties:  2-year mandatory minimum consecutive to sentence on other counts

$100 special assessment (18 U.S.C. § 3013)

AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☐ COMPLAINT  ☐ INFORMATION  ☒ INDICTMENT

☐ SUPERSEDING

**OFFENSE CHARGED**

18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse; 18 U.S.C. § 1030(a)(7) – Threatening to Damage a Protected Computer; 18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort; 18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud; 18 U.S.C. 1028A(a)(1) – Aggravated Identity Theft

☐ Petty
☐ Minor
☐ Misde-meanor
☒ Felony

PENALTY: See attached

**Name of District Court, and/or Judge/Magistrate Location**

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

**DEFENDANT - U.S**

MATTHEW GENE DITMAN

**DISTRICT COURT NUMBER**

CR 19 040 WHO

FILED

**PROCEEDING**

Name of Complainant Agency, or Person (& Title, if any)

Federal Bureau of Investigation

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
  ☐ U.S. ATTORNEY  ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form   David L. Anderson

☒ U.S. Attorney  ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)   Robert S. Leach

JAN 22 2019

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**DEFENDANT**

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▸

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge

5) ☐ On another conviction

6) ☐ Awaiting trial on other charges
   ☐ Federal  ☐ State
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST   Month/Day/Year

Or... if Arresting Agency & Warrant were not

DATE TRANSFERRED TO U.S. CUSTODY   Month/Day/Year

☐ This report amends AO 257 previously submitted

## ADDITIONAL INFORMATION OR COMMENTS

PROCESS:
☐ SUMMONS  ☒ NO PROCESS*  ☒ WARRANT   Bail Amount: _____

If Summons, complete following:
☐ Arraignment  ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time: _____   Before Judge: _____

Comments:

## PENALTY SHEET ATTACHMENT

Count One:

18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse

Maximum Penalties:  5 years of imprisonment
$250,000 fine or not more than twice the gross gain or twice the gross loss (18 U.S.C. § 3571)
3 years of supervised release (18 U.S.C. §§ 3583(b)(2) & 3559(a)(3))
$100 special assessment (18 U.S.C. § 3013)

Count Two:

18 U.S.C. § 1030(a)(7) – Threatening to Damage a Protected Computer

Maximum Penalties:  5 years of imprisonment
$250,000 fine or not more than twice the gross gain or twice the gross loss (18 U.S.C. § 3571)
3 years of supervised release (18 U.S.C. §§ 3583(b)(2) & 3559(a)(3))
$100 special assessment (18 U.S.C. § 3013)

Count Three:

18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort

Maximum Penalties:  2 years of imprisonment
$250,000 fine or not more than twice the gross gain or twice the gross loss (18 U.S.C. § 3571)
1 year of supervised release (18 U.S.C. §§ 3583(b)(3) & 3559(a)(5))
$100 special assessment (18 U.S.C. § 3013)

Count Four:

18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud

Maximum Penalties:  5 years of imprisonment

$250,000 fine or not more than twice the gross gain or twice the
gross loss (18 U.S.C. § 3571)
3 years of supervised release (18 U.S.C. §§ 3583(b)(2) &
3559(a)(3))
$100 special assessment (18 U.S.C. § 3013

Count Five:

18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft

Maximum Penalties:  2-year mandatory minimum consecutive to sentence on other
counts
$100 special assessment (18 U.S.C. § 3013)

DAVID L. ANDERSON (CABN 149604)
United States Attorney

**FILED**

JAN 22 2019 

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA,                  ) Case No.  **CR  19     040** WHO
                                            )
        Plaintiff,                          ) <u>VIOLATIONS</u>: 18 U.S.C. § 1030(b) –
                                            ) Conspiracy to Commit Computer Fraud and
        v.                                  ) Abuse; 18 U.S.C. § 1030(a)(7) – Threatening to
                                            ) Damage a Protected Computer; 18 U.S.C.
AHMAD WAGAAFE HARED and                     ) § 875(d) – Interstate Communications with Intent
MATTHEW GENE DITMAN,                        ) to Extort; 18 U.S.C. § 1029(b)(2) – Conspiracy
                                            ) to Commit Access Device Fraud; 18 U.S.C.
        Defendants.                         ) § 1028A(a)(1) – Aggravated Identity Theft; 18
                                            ) U.S.C. § 2 – Aiding and Abetting; 18 U.S.C.
                                            ) §§ 981(a)(1)(C) & 982(a) & 28 U.S.C. § 2461 –
                                            ) Criminal Forfeiture
                                            )
                                            ) SAN FRANCISCO VENUE

I N D I C T M E N T

The Grand Jury charges:

Introductory Allegations

At all times relevant to this Indictment, unless otherwise indicated:

1.      AHMAD WAGAAFE HARED ("HARED") resided in Tucson, Arizona.  He used and controlled the email addresses shenron@gmail.com, special@gmail.com, and hangmvn@gmail.com. He used and controlled an iMessage account, loser@openmailbox.org.  He used a Skype account with the user name "special547."  He also went by the alias "winblo."



INDICTMENT                                  1

2.      MATTHEW GENE DITMAN resided in Las Vegas, Nevada.  He used and controlled the email address mditman95@gmail.com.  He also used a Skype account with the user name "lord crump."

3.      A Subscriber Identity Module or Subscriber Identification Module ("SIM card") was a technology used to identify and authenticate subscribers on mobile phone devices.

COUNT ONE:  (18 U.S.C. § 1030(b) – Conspiracy to Commit Computer Fraud and Abuse)

4.      The factual allegations in Paragraphs 1 through 3 are re-alleged and incorporated by reference.

5.      On or about and between October 2016 and May 2018, in the Northern District of California and elsewhere, the defendants,

AHMAD WAGAAFE HARED and
MATTHEW GENE DITMAN,

and others, knowingly conspired and agreed, with each other, and with others, to commit computer fraud and abuse, that is, with intent to extort from any person any money and other things of value, transmit in interstate and foreign commerce a communication containing any threat to cause damage to a protected computer, threat to obtain information from a protected computer without authorization and in excess of authorization and to impair the confidentiality of information obtained from a protected computer without authorization and by exceeding authorized access, and demand and request for money and other thing of value in relation to damage to a protected computer, where such damage was caused to facilitate the extortion, in violation of Title 18, United States Code, Section 1030(a)(7).

6.      As part of the conspiracy, HARED, DITMAN, and others conspired, agreed, and engaged in a scheme to obtain by fraud and extortion cryptocurrencies and other money and property owned and controlled by executives of cryptocurrency-related companies and cryptocurrency investors.

7.      In furtherance of the conspiracy, HARED, DITMAN, and others, used a variety of means and methods, including:

a.      Obtaining personal identifying information of potential victims;

b.      Using fraud, deception, and social engineering techniques to induce representatives of cellphone service providers to transfer or port cellphone numbers from SIM cards in

the devices possessed by victims to SIM cards in devices possessed by the conspirators ("SIM swapping");

        c.     Using the victims' cellphone numbers and deceptive techniques to gain access to email, electronic storage, and other accounts of victims;

        d.     Resetting passwords for email, electronic storage, and other accounts of victims so that the conspirators could control the accounts;

        e.     Using information from the accounts of the victims to access cryptocurrency accounts of victims and transfer without authority cryptocurrencies owned by the victims; and

        f.     Transmitting threats to victims to cause damage to computers, to compromise further their accounts, and to impair the confidentiality of information the conspirators had obtained and demanding and requesting money in relation to damage to a protected computer.

Overt Acts

8.     In furtherance of the conspiracy and to effect its objects, on or about the dates listed below, in the Northern District of California and elsewhere, HARED and DITMAN, and others, committed the following overt acts, among others:

        a.     On or about November 18, 2016, a conspirator took control of a cellphone number used by victim J.D., gained access to email and other accounts of J.D., and transferred cryptocurrency owned by J.D. to an address controlled by the conspirators.

        b.     On or about November 19, 2016, a co-conspirator ("Co-Conspirator #1) called J.D. for the purpose of extortion.

        c.     On or about January 24, 2017, DITMAN and Co-Conspirator #1 called a cellphone service provider attempting to take over the cellphone number of victim C.P. in the Northern District of California.

        d.     On or about January 31, 2017, DITMAN and Co-Conspirator #1 called victim T.P. in the Northern District of California for the purpose of extortion.

        e.     On or about February 11, 2017, HARED, DITMAN, and Co-Conspirator #1 called a cellphone service provider attempting to take over the cellphone number of victim N.B.

1           f.      On or about February 20, 2017, HARED, DITMAN, and Co-Conspirator #1

2 called a cellphone service provider attempting to take over the cellphone number of victim M.F. in the

3 Northern District of California.

4        In violation of Title 18, United States Code, Section 1030(b).

5 COUNT TWO: (18 U.S.C. § 1030(a)(7) – Threatening to Damage a Protected Computer)

6      9.      The factual allegations in Paragraphs 1 through 8 are re-alleged and incorporated by

7 reference.

8      10.      On or about January 31, 2017, in the Northern District of California and elsewhere, the

9 defendants,

10
                      AHMAD WAGAAFE HARED and
11                       MATTHEW GENE DITMAN,

12 with intent to extort from any person, to wit, victim T.P., any money and other things of value,

13 transmitted in interstate and foreign commerce a communication containing a threat to cause damage to

14 a protected computer, threat to obtain information from a protected computer without authorization and

15 in excess of authorization and to impair the confidentiality of information obtained from a protected

16 computer without authorization and by exceeding authorized access, and demand and request for money

17 and other thing of value in relation to damage to a protected computer, where such damage was caused

18 to facilitate the extortion.

19        In violation of Title 18, United States Code, Sections 1030(a)(7) and 2.

20 COUNT THREE: (18 U.S.C. § 875(d) – Interstate Communications with Intent to Extort)

21      11.      The factual allegations in Paragraphs 1 through 10 are re-alleged and incorporated by

22 reference.

23      12.      On or about January 31, 2017, in the Northern District of California and elsewhere, the

24 defendants,

25
                      AHMAD WAGAAFE HARED and
26                       MATTHEW GENE DITMAN,

27 with intent to extort from any person, to wit, victim T.P., any money or other thing of value, transmitted

28 in interstate or foreign commerce any communication containing any threat to injure the property and

INDICTMENT                         4

1  reputation of the addressee and of another.

2      In violation of Title 18, United States Code, Sections 875(d) and 2.

3  COUNT FOUR:  (18 U.S.C. § 1029(b)(2) – Conspiracy to Commit Access Device Fraud)

4      13.    The factual allegations in Paragraphs 1 through 7 are re-alleged and incorporated by

5  reference.

6      14.    On or about and between October 2016 and May 2018, in the Northern District of

7  California and elsewhere, the defendants,

8                    AHMAD WAGAAFE HARED and
9                    MATTHEW GENE DITMAN,

10  and others, knowingly conspired and agreed, with each other, and with others, to commit access device

11  fraud, that is, to knowingly and with intent to defraud traffic in or use one or more unauthorized access

12  devices during any one-year period, and by such conduct obtain anything of value aggregating $1,000 or

13  more during that period, in a manner affecting interstate or foreign commerce, in violation of Title 18,

14  United States Code, Section 1029(a)(2).

15                    Manner and Means of the Conspiracy

16      15.    In furtherance of the conspiracy, HARED and DITMAN, and others, used the means and

17  methods alleged in Paragraph 7, among others.

18                         Overt Acts

19      16.    In furtherance of the conspiracy and to effect its objects, in the Northern District of

20  California and elsewhere, HARED and DITMAN, and others, committed, among others, the overt acts

21  alleged in Paragraph 8.

22      In violation of Title 18, United States Code, Section 1029(b)(2).

23  COUNT FIVE:  (18 U.S.C. § 1028A(a)(1) – Aggravated Identity Theft)

24      17.    The factual allegations in Paragraphs 1 through 8 are re-alleged and incorporated by

25  reference.

26      18.    On or about January 31, 2017, in the Northern District of California and elsewhere, the

27  defendants,

28

INDICTMENT                    5

AHMAD WAGAAFE HARED and
MATTHEW GENE DITMAN,

knowingly transferred, possessed, and used, without lawful authority, a means of identification of

another person, to wit, T.P., during and in relation to a felony violation enumerated in 18 U.S.C.

§ 1028A(c), to wit, conspiracy to commit computer fraud and abuse, in violation of 18 U.S.C. § 1030(b),

and conspiracy to commit access device fraud, in violation of 18 U.S.C. § 1029(b)(2), knowing that the

means of identification belonged to another actual person.

In violation of Title 18, United States Code, Sections 1028A(a)(1) and 2.

COMPUTER FRAUD FORFEITURE ALLEGATION:      (18 U.S.C. §§ 1030(i) & (j) & 982(a)(2)(B)
                                            & 28 U.S.C. § 2461)

19.    The factual allegations in Paragraphs 1 through 8 are re-alleged and incorporated by

reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections 982(a)

and 1030(i) and (j), and Title 28, United States Code, Section 2461.

20.    Upon conviction of any of the offenses alleged in Counts One through Two, the

defendants,

AHMAD WAGAAFE HARED and
MATTHEW GENE DITMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and

1030(i) and (j), and Title 28, United States Code, Section 2461, any personal property used or intended

to be used to commit or to facilitate the commission of the offense or a conspiracy to do so, and any

property, real or personal, which constitutes or is derived from proceeds the defendant obtained directly

or indirectly as the result of such offenses, including but not limited to the following property:

a.     Money judgment: a sum of money equal to the total gross proceeds obtained by

the defendant as a result of the offenses;

b.     a 2017 BMW i8 (VIN WBY2Z2C34HV676822); and

c.     39.67004483 in Bitcoin.

21.    If, as a result of any act or omission of the defendants, any of said property

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

any and all interest defendant has in any other property shall be forfeited to the United States, pursuant

to Title 18, United States Code, Sections 982(b)(1) and 1030(i)(2), and Title 28, United States Code,

Section 2461.

EXTORTION FORFEITURE ALLEGATION:   (18 U.S.C. §§ 981(a)(1)(C) & 28 U.S.C. § 2461 –
Forfeiture)

22.     The factual allegations in Paragraphs 1 through 7 are re-alleged and incorporated by

reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections

981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461.

23.     Upon conviction of the offense alleged in Count Three, the defendants,

AHMAD WAGAAFE HARED and
MATTHEW GENE DITMAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), and

Title 28, United States Code, Section 2461, any property, real and personal, which constitutes or is

derived from proceeds traceable to said violations, including but not limited to the following property:

a.     Money Judgment: a sum of money equal to the total gross proceeds obtained by

the defendant as a result of the offenses;

b.     a 2017 BMW i8 (VIN WBY2Z2C34HV676822); and

c.     39.67004483 in Bitcoin.

24.     If, as a result of any act or omission of the defendants, any of said property

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to or deposited with a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

INDICTMENT                                                7

1   any and all interest defendant has in any other property shall be forfeited to the United States, pursuant

2   to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United States Code, Section 2461.

3   <u>ACCESS DEVICE FORFEITURE ALLEGATION:</u>   (18 U.S.C. §§ 982(a)(1)(B) & 1029(c)(1)(C) & 28
                                                   U.S.C. § 2461 – Forfeiture)

4
5      25.  The factual allegations in Paragraphs 1 through 7 are re-alleged and incorporated by

6   reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Sections

7   981(a)(1)(C) and 982(a), and Title 28, United States Code, Section 2461.

8      26.  Upon conviction of the offense alleged in Count Four, the defendants,

9          AHMAD WAGAAFE HARED and
           MATTHEW GENE DITMAN,

10
11  shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 982(a)(1)(B) and

12  1029(c)(1)(C), and Title 28, United States Code, Section 2461, any personal property used or intended

13  to be used to commit the offense and any property, real and personal, which constitutes or is derived

14  from proceeds the defendant obtained directly or indirectly as the result of such offense, including but

15  not limited to the following property:

     a.  Money Judgment: a sum of money equal to the total gross proceeds obtained by

16          the defendant as a result of the offenses;

17       b.  a 2017 BMW i8 (VIN WBY2Z2C34HV676822); and

18       c.  39.67004483 in Bitcoin

19     27.  If, as a result of any act or omission of the defendants, any of said property

20       a. cannot be located upon the exercise of due diligence;

21       b. has been transferred or sold to or deposited with a third person;

22       c. has been placed beyond the jurisdiction of the Court;

23       d. has been substantially diminished in value; or

24       e. has been commingled with other property which cannot be divided without difficulty;

25  ///

26  ///

27  ///

28

1   any and all interest defendant has in any other property shall be forfeited to the United States, pursuant

2   to Title 18, United States Code, Sections 982(b)(1) and 1029(c)(2), and Title 28, United States Code,

3   Section 2461.

4   DATED:  January 22, 2019                              A TRUE BILL

5

6                                                        _____

7                                                        FOREPERSON

8   DAVID L. ANDERSON
    United States Attorney

9

10

11  JOHN H. HEMANN
12  Deputy Chief, Criminal Division

13
    (Approved as to form:
14                          AUSA ROBERT S. LEACH

15

16

17

18

19

20

21

22

23

24

25

26

27

28