UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>AHMAD HARED and MATTHEW DITMAN,<br><br>    Defendants.<br>―――――――――――――――――――――― | Case No. 19-cr-00040-WHO |
| UNITED STATES OF AMERICA,<br><br>    Plaintiff<br><br>    v.<br><br>ANTHONY FRANCIS FAULK<br><br>    Defendant. | Case No. 19-cr-00676-WHO<br><br>**ORDER DENYING DISCOVERY REQUEST AND SETTING BRIEFING SCHEDULE** |

The three defendants in these cases, Ahmad Hared, Matthew Ditman and Anthony Faulk, pleaded guilty to stealing cryptocurrency from a number of victims. At sentencing, I awarded restitution to those victims in the amounts recommended by Probation and requested by the government. It turned out that the amounts for victims JD and NA were legally incorrect and remarkably understated. Those victims did not participate in any phase of the restitution process, as was their right under 18 U.S.C. § 3664(g)(1), and so they were unaware of the government's errors. After they realized what had happened, they sought relief within sixty days, moving to

amend their restitution amounts.

The victims' motions were litigated from November 15, 2023, to April 30, 2024. *See generally* Dkt. Nos. 174 – 211. I concluded that I lacked jurisdiction to change the restitution amounts in the defendants' judgments but suggested that the victims seek a writ of mandamus in the Ninth Circuit. Order Denying Motions to Reopen Sentencing or Amend Restitution, Dkt. No. 212 ("Prior Order"). They did, and on August 1, 2025, the Ninth Circuit determined that I do have jurisdiction to consider the victims' motions. *In re Davis*, 146 F.4th 710 (9th Cir. 2025) (as amended August 1, 2025). On August 13 and 21, 2025, NA and JD, respectively, filed supplemental petitions requesting that I amend the restitution amounts owed by defendants, seeking additional amounts of more than $6.7 and $7.7 million in restitution, depending on the defendant. I scheduled a Status Conference for August 28, 2025, which was continued at the parties' request until October 9, 2025.

The Ninth Circuit directed that on remand I resolve two main issues: whether the victims' petitions to amend the restitution amount satisfy the timing and the good cause requirements of § 3664(d)(5).[1] I considered those in the Prior Order. I determined that the victims reported the correct amount of Ether coins that had been stolen to the Federal Bureau of Investigation's remission team and had cooperated with them during the investigation of those cases. Prior Order at 3. The victims were apparently unaware (as I was) that the Department of Justice distinguishes between remission and restitution and staffs cases involving them separately. The victims made the reasonable assumption that the amount of their loss would be conveyed accurately within the Department of Justice and to the prosecutors of the crimes. *See In re Davis* 146 F.4th at 727 ("Because the Mandatory Victims Restitution Act provides that '[n]o victim shall be required to participate in any phase of a restitution order,' 18 U.S.C. § 3664(g)(1), victims may rely on the government to assert their rights to restitution."). The government failed in this responsibility. Also, the prosecutors did not ensure that notices sent by Probation to the victims regarding sentencing included the amount the government would seek for restitution. And, finally, the

---

[1] I will also need to determine whether to use the "day high" price of Ether if I grant the petitions.

2

1  government failed to request the legally correct amount of restitution owed to NA and JD at the
2  time of sentencing.

3  In light of these salient facts, I concluded in the Prior Order that the equities weighed in
4  favor of the victims' requests: there was no dispute that the victims had cooperated with the
5  government and provided accurate information regarding their loss, that the government failed to
6  coordinate internally and failed to provide proper notice to the victims prior to sentencing, that the
7  victims had the right to think that the government had all the information necessary to request the
8  correct amount of restitution at the time of sentencing, and that even though the victims could
9  have bird-dogged the sentencing and participated in the restitution process, they had no obligation
10 to do so.  But because I believed I lacked jurisdiction, I denied the victims' motions.

11 At the status conference on October 9, 2025, defendants for the first time requested
12 discovery into the communications between the victims and the government to determine if good
13 cause existed for the victims' delay in seeking accurate restitution.  The victims strongly opposed
14 any discovery.  I ordered that defendants specify exactly what discovery they needed, that counsel
15 meet and confer, and that if agreement could not be reached, the victims and defendants should
16 send me a discovery dispute letter explaining their positions.  Minute Order, Dkt. No. 270.  I also
17 directed that the government provide its perspective on the dispute and suggest a procedure to
18 bring this case to resolution.  *Id.*  No agreement was reached, and the discovery letter was sent.
19 Dkt. No 275.  At the same time, the government weighed in to support the victims' position.  Dkt.
20 No. 276.

21 The victims' frustration at the timing and circumstances described above was palpable at
22 the status conference and was expressed in unhelpful high dudgeon towards defendants in the
23 dispute letter; the government also suggested that defendants were harassing the victims.  They
24 miss the mark in targeting defendants with that vitriol.  The victims are seeking many millions of
25 dollars more in restitution than defendants understood they were facing at sentencing as a result of
26 the government's failures described above.  I have no sympathy for defendants' crimes and put the
27 highest value on the victims' right to receive the full amount of restitution to which they are
28 entitled.  But the reason we are here now is that the government fell down on the job in several

respects, and I do not blame the defendants for wanting to nail down the facts that led to that failure.

That said, I will not allow the discovery defendants seek because it is clear that the victims' requests were timely made and that good cause existed for the delay in seeking amendment. As the Ninth Circuit noted, § 3664(d)(5) provides that a victim has 60 days after discovery of further losses not included in the order of restitution to petition the court for an amended restitution order. NA filed his petition on November 15, 2023, 36 days after he learned of the error. JD filed thirteen days later. Moreover, the victims' petitions were filed close in time to the sentencings. NA's was filed 34 days after sentencing, and 20 days after entry of judgment for Ditman; 76 days after sentencing and 64 days after judgment for Hared; and 90 days after sentencing and 58 days after the amended judgment for Faulk.[2] The petitions meet the spirit and letter of the timeliness requirements. The defendants were not prejudiced by any delay.

The Mandatory Victims Restitution Act recognizes that victims deserve special respect in the criminal justice process. I will not subject NA and JD to unnecessary discovery. The facts referred to in this Order and the record developed before this case went to the Ninth Circuit are a more than sufficient basis to rule on the supplemental petitions. Based on this record, the very broad document requests sought by defendants do not appear to be material to the evidence I need to resolve the questions before me. And, significantly, the discovery that the defendants request now is not justified in light of any new facts or new legal arguments; if these records were somehow important, defendants should have sought them when this matter was being litigated in 2023-2024.

In sum, if defendants dispute the victims' entitlement to the amended restitution amounts sought, they must make their arguments on the merits. If they point to material disputes of fact that would require additional discovery or an evidentiary hearing, I will consider that in conjunction with briefing on the merits.

Accordingly, I DENY defendants' request for discovery and ORDER that they respond to

---

[2] Add thirteen days to those totals to compute JD's timing in filing his petition.

the supplemental petitions filed by NA and JD by November 21, 2025.  The victims and the government may reply by December 8, 2025.  I will set a hearing for December 18, 2025, at 1:30 p.m., although it is possible that I will decide the victims' petitions on the record.

**IT IS SO ORDERED.**

Dated: October 29, 2025



William H. Orrick
United States District Judge